IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| BA-PAKAL LUMA NATION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>) Case No. 1:22CV373<br>THE STATE OF NORTH CAROLINA )<br>et al., )<br>)<br>Defendants. ) | |

RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE

This matter is before the Court on Plaintiff Ba-Pakal Luma Nation's Application to proceed in this action *in forma pauperis*.

"The federal *in forma pauperis* statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts 'solely because his poverty makes it impossible for him to pay or secure the costs.'" Nasim v. Warden, Md. House of Correction, 64 F.3d 951, 953 (4th Cir. 1995) (quoting Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 342 (1948)).  Under § 1915, the Court may allow litigation without prepayment of fees "by a person who makes an affidavit that he is unable to pay such costs." 28 U.S.C. § 1915(a).

However, in this case the party seeking to proceed *in forma pauperis* is not an individual person and is instead an entity described as the "Ba-Pakal Luma Nation." The Supreme Court has held that pursuant to § 1915, only individual claimants may litigate *in forma pauperis*, not entities or associations. Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 201 (1993); see MotJuste Tirade of Vim Andre Juste v. Brennan, 16 F.

Supp. 3d 716, 724 (N.D.W. Va. 2014). Here, the Application lists the Plaintiff in this action as "Ba-Pakal Nation on behalf of its member Abjul Bey, also known as Jaguar Sun," and the affidavit in support of the Application is signed by "Little Tornado, Chief of the Nation." (Application [Doc. #1] at 1.) Additionally, the Application contains no income or financial information and states only: "See letter from Chief." (Application [Doc. #1] at 5.) The attached letter is signed by Little Tornado as Chief of the Ba-Pakal Luma Nation, and the letter requests that "all filing fees in the case b[e] wa[i]ved as we are a sovereign American Indian nation with no income." (Letter [Doc. #1-1]). Because the Ba-Pakal Luma Nation is not an individual person, and because the requisite affidavit and financial showing for an individual claimant has not been provided, the Court cannot authorize the proceeding *in forma pauperis*. See Rowland, 506 U.S. at 201–09.

In addition, the Court also notes that a corporation or other entity may appear only through an attorney. See Rowland, 506 U.S. at 201–02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel."); Honour Tech. Grp., Inc. v. United States, 326 F. App'x 141 (4th Cir. June 2, 2009) (noting that "a corporation may not proceed *pro se* in federal court"); Gilley v. Shoffner, 345 F. Supp. 2d 563, 566–67 (M.D.N.C. 2004). Accord U.S. Commodity Futures Trading Comm'n v. OTC Invs. LLC, No. 1:15-cv-00081, 2015 WL 3397066, at *1 (W.D.N.C. May 26, 2015) ("It is well-established that corporate entities and other non-human entities, such as limited liability companies, can appear in federal court only through counsel."). This rule has been applied to Indian tribes that are not federally recognized. Yamassee Indian Tribe v. Allendale Cnty. Gov't, No. CA 1:13-1577-TLW-SVH, 2014 WL

2

4097926, at *4–5 (D.S.C. July 18, 2014) ("Because Plaintiff is not a recognized Indian tribe, it cannot be permitted to proceed *pro se*"),[1] recommendation adopted in relevant part, No. 1:13-CV-01577-TLW, 2014 WL 4101217 (D.S.C. Aug. 15, 2014), affirmed, 591 F. App'x 211 (4th Cir. Jan. 28, 2015) (denying leave to proceed *in forma pauperis* and dismissing the appeal); see also Burley v. San Joaquin Cnty. Sheriff's Off., No. 2:09-cv-01657, 2010 WL 2574024, at *1 (E.D. Cal. June 25, 2010) (recommending dismissal where non-attorney sought to bring claims on behalf of the California Valley Miwok Tribe because "a non-attorney [] cannot represent the Tribe in federal court"); accord Cherokee of Lawrence Cnty., Tennessee v. United States, No. 06-158L, 2006 WL 5668261, at *2 (Fed. Cl. Sept. 1, 2006). Thus, the Ba-Pakal Luma Nation may not appear *pro se* and would be required to be represented by an attorney.

The Court notes that the Complaint contains some language indicating that an individual identified as tribal member Abjul Bey may be intending to bring some claims on his own behalf. (Compl. [Doc. #2] at 5). However, those claims are also brought by and on behalf of the Ba-Pakal Luna Nation, so it is not clear what claims if any Abjul Bey intends to bring on his own behalf. Moreover, Abjul Bey has not provided any financial information in support of an Application to proceed *in forma pauperis* in this matter. If Abjul Bey or other individuals seek to bring claims on their own behalf, they must each bring only their own claims, and if they wish to proceed *in forma pauperis*, they must submit individual Applications to do so and provide the requisite financial information.

---

[1] The only federally recognized Indian tribe in North Carolina is the Eastern Band of Cherokee Indians. See U.S. Department of the Interior Indian Affairs, Search Federally Recognized Tribes, https://www.bia.gov/service/tribal-leaders-directory/federally-recognized-tribes.

3

The Court will therefore recommend that the Application to Proceed In Forma Pauperis be denied and that the Complaint in this action be dismissed without prejudice to any interested individuals filing suit and bringing their own claims, accompanied by the filing fee or their own Application to proceed *in forma pauperis*.[2]

IT IS THEREFORE RECOMMENDED that the Ba-Pakal Luma Nation's Application [Doc. #1] to proceed *in forma pauperis* in this action be DENIED and that this action be dismissed without prejudice to re-filing by individual plaintiffs.

This, the 22nd day of September, 2022.

                                        /s/ Joi Elizabeth Peake
                                        United States Magistrate Judge

---

[2] To the extent any individual plaintiffs elect to proceed on their own behalf, the Court notes that this Court does not have jurisdiction over appeals of state court decisions. Dist. of Columbia Ct. of Appeals v. Feldman, 460 U.S. 462, 486 (1983); see Rooker v. Fid. Tr. Co., 263 U.S. 413, 415–16 (1923); Thana v. Bd. of License Commissioners for Charles Cnty., Maryland, 827 F.3d 314, 319 (4th Cir. 2016); Warren v. City of Greensboro, 280 F. Supp. 3d 780, 787 (M.D.N.C. 2017) ("The effect of the Rooker-Feldman doctrine is to divest a federal district court of subject matter jurisdiction to review state court judgments"), aff'd sub nom. Warren v. Tolbert, 717 F. App'x 281 (4th Cir. 2018). Moreover, this Court does not ordinarily interfere in state court criminal proceedings. Younger v. Harris, 401 U.S. 37 (1971). Further, to the extent any claims are asserted against state court judges or prosecutors, such claims would potentially be subject to dismissal based on judicial immunity and prosecutorial immunity. Finally, the Court also notes that North Carolina courts have jurisdiction over crimes which occur within the boundaries of the state. "Neither the citizenship nor the heritage of a defendant constitutes a key ingredient to . . . jurisdiction in criminal prosecutions[.]" United States v. White, 480 F. App'x 193, 194 (4th Cir. 2012) (upholding federal criminal convictions where defendant claimed that his status as Moorish American deprived the district court of jurisdiction over his prosecution). Stated plainly, a person's "claimed status . . . has no bearing on a state court's jurisdiction to prosecute him for violations of state law." McGriff-El v. Bland, No. 5:20-CT-3008-FL, 2020 WL 8834722, at *1 (E.D.N.C. Oct. 9, 2020) (applying White, 480 F. App'x at 194, to state criminal prosecution), appeal dismissed, No. 21-6355, 2022 WL 726921 (4th Cir. Mar. 10, 2022). The Court can consider these issues further at screening if any of the individual plaintiffs elect to proceed on their own behalf.